**FILED**

MAY 08 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TYRONE JACKSON, | ) | No. C 14-2394 LHK (PR) |
| Petitioner, | ) | ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING |
| vs. | ) | |
| HEIDI M. LACKNER, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising a claim under *Batson v. Kentucky*, 476 U.S. 79 (1986). Respondent has filed a motion to dismiss the petition as untimely. Petitioner has filed an opposition, and respondent has filed a reply.

The parties agree that petitioner's petition is untimely absent equitable tolling. As grounds for equitable tolling, petitioner claims that petitioner received a letter from counsel on December 18, 2012, informing petitioner that the California Supreme Court denied a petition for review. The letter also notified petitioner that counsel would be sending a copy of the trial transcripts to petitioner under separate cover. However, petitioner did not receive a copy of the trial transcripts from counsel until December 3, 2013. Thus, argues petitioner, he is entitled to equitable tolling through December 3, 2013, which would make his petitioner timely.

The Supreme Court has determined that Section 2244(d) is subject to equitable tolling in

appropriate cases. *Holland v. Florida*, 560 U.S. 631, 560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 648 (internal quotation marks omitted). The petitioner bears the burden of showing that equitable tolling should apply. *See Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Whether equitable tolling is in order turns on an examination of detailed facts. *See Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002).

The court finds that further development of the facts is necessary before the court can properly address the issue of equitable tolling. *See, e.g., United States v. Battles*, 362 F.3d 1195, 1198-99 (9th Cir. 2004) (remanding case to district court for further exploration of whether counsel's failure to send petitioner the full set of transcripts caused petitioner's late filing); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding case to district court for development of facts concerning whether AEDPA materials were unavailable in the prison law library).

Accordingly, petitioner is directed to file **within thirty days** of the filing date of this order a supplemental opposition specifically explaining: (1) what specific documents, if any, he had relating to his criminal trial (including any appellate pleadings or opinions) and when he received them; (2) what specific portion(s) of his trial transcripts he needed before he could file his federal habeas petition and the date he received them; and (3) how petitioner diligently tried to obtain those portions of the transcript prior to December 3, 2013. Petitioner should include any evidentiary support he has to support his supplemental opposition.

In response, **within fourteen days** of the filing of petitioner's supplemental opposition, respondent is directed to file a supplemental reply. In respondent's supplemental reply, he shall include a complete copy of petitioner's opening brief on appeal as well as a complete copy of petitioner's petition for review to the California Supreme Court.[1]

---

[1] Although respondent's reply included exhibits consisting of copies of docket sheets, a petition for review to the California Supreme Court, and a denial of a petition for review, these exhibits refer to a criminal case with a defendant named "Racardo Shavez Jackson," who was

1 | Upon receipt of respondent's supplemental reply, the motion to dismiss will be deemed
2 | submitted and ready for the court's consideration.
3 | IT IS SO ORDERED.
4 | DATED: 5/8/2015

LUCY H. KOH
United States District Judge

---

convicted in Solano County Superior Court. Thus, they are not relevant to petitioner.